United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 5, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40601
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID SALAZAR,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
No. 5:04-CR-1697-1
--------------------

Before SMITH, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

David Salazar appeals his jury conviction of, and sentence for, conspiracy to possess with intent to distribute more than 100 kilograms of marihuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. He contends the evidence at trial was legally insufficient to sustain the verdict. Specifically, he argues that the only evi-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dence that a conspiracy existed and that he knew of and voluntarily joined in it was the incredible, uncorroborated, and illogical testimony of a biased witness. Further, he avers that the purportedly corroborative evidence gives equal or nearly equal circumstantial support to a theory of innocence.

Viewing the evidence in the light most favorable to the verdict, the evidence was sufficient to establish that Salazar conspired to possess with intent to distribute more than 100 kilograms of marihuana. Lee Wright testified that he and Salazar entered into an agreement to transport marihuana from Laredo, Texas, to Dallas, Texas, and Chicago, Illinois, in exchange for $50,000 each. Wright and Salazar then picked up marihuana at two locations and loaded it into a tractor. Wright's testimony was not incredible or factually insubstantial on its face and was corroborated in part by the other witnesses' testimony. See United States v. Westbrook, 119 F.3d 1176, 1190 (5th Cir. 1997).

The mere presence of inconsistencies does not render the evidence insufficient. See United States v. Greenwood, 974 F.2d 1449, 1458 (5th Cir. 1992). The jury accepted Wright's testimony and rejected Salazar's explanation of events. We will not disturb that credibility determination. See United States v. Runyan, 290 F.3d 223, 240 (5th Cir. 2002). Therefore, the evidence was sufficient to sustain the verdict.

Salazar contends that the district court failed to consider all the factors set forth in 18 U.S.C. § 3553 in determining his

sentence. Specifically, he urges that the court failed to consider the nature and circumstances of the offense and his history and characteristics, because the court found that those factors had already been taken into account in the sentencing guidelines. Thus, by sentencing Salazar within the recommended guideline range, the court effectively treated the guidelines as mandatory in violation of United States v. Booker, 543 U.S. 220 (2005).

Under the discretionary sentencing scheme established by Booker, district courts retain the duty to consider the sentencing guidelines along with the sentencing factors set forth in § 3553(a). United States v. Mares, 402 F.3d 511, 518-19 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). Salazar's sentence is within the guideline range and is presumptively reasonable. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). In our reasonableness review, we infer that the district court considered the § 3553(a) factors, including the nature of the offense and Salazar's history and characteristics, in imposing sentence. See Mares, 402 F.3d at 519.

Accordingly, the judgment is AFFIRMED.